The opinion of the Court was drawn up by
Cutting, J.
In this suit, at a former term, it was agreed by the parties, upon a report of the evidence, that " the full Court should determine the respective rights of the parties, and enter such judgment as the law requires.” And, on the evidence so reported, this Court has heretofore determined that the demandant was entitled to possession of the demanded premises, subject, however, to his election, either to pay the estimated .value of the improvements or to abandon to the tenant upon payment of the value of the land. The question now presented is, as to the time when the value was to be determined. The referees, to whom the question of value was submitted, have reported it to be, at the time of the trial, one thousand dollars; but that at the time *323 one Dennis Fairbanks went into possession, only of the value of four dollars. The demandant having abandoned, the Judge ruled, at Nisi Prius, that the tenant should pay the larger sum, to which ruling an exception is taken.
It appears that Dennis Fairbanks, under whom the tenant claims, went into possession more than twenty years before the commencement of this action, and his counsel relies on the provision of E. S. of 1857, c. 104, § 25, which provides that — "If the tenant, so claiming, alleges and proves that he, and those under whom he claims, have Had the premises in actual possession, for more than twenty years prior to the commencement of the action, the jury may find that fact and estimate the value of the land at that time. The sum so found, (that is, when the tenant, or those under whom ho claims, first entered thereon,) shall be deemed the estimated value of the premises.”
The tenant’s counsel contends that the evidence, as reported, brings him not only within the letter, but also within the spirit of the foregoing provision, while he cannot deny that both must cooperate to sustain his proposition. If the letter is to control, then it would become immaterial as to the nature of the possession, whether it has been a rightful or wrongful possession. If the action was against the tenant, for holding over under a lease of twenty years, his proposition would come within the letter, but no one would urge that it was within the spirit, of the provision. We have decided heretofore that the evidence did not bring the defence within the spirit, otherwise the tenant would have had judgment in his favor. But in that opinion, which we here refer to, it was decided, upon the evidence reported, that there had been no twenty years adverse possession prior to the commencement of the suit. In Pratt v. Churchill, 42 Maine, 471, it was held, that — "to entitle the tenant to betterments, under E. S. of 1841, c. 145, § 23, his possession must be such, that — "if prolonged for a period of twenty years, it would, by disseizin, give him the fee. It must be open, notorious, exclusive and adverse.” The *324 phraseology of the section then was similar to the one now under consideration, with the exception of the period of six instead of twenty years possession.
But, it may be asked with much propriety, if twenty years adverse possession carries the fee and establishes the title in the tenant, why the question of value could subsequently arise, unless under a more friendly occupation. And, again, why was it enacted in § 45, of c. 104, that — "in all real and mixed actions, in which the tenant proves that he, and those under whom he claims, have been in the open, notorious, adverse, and exclusive possession of the demanded premises, claiming in fee simple, for forty years next before the commencement of the action, and the jury so find, the demandant shall recover no costs.”
But, in referring to the subsequent statute, c. 105, entitled, " limitation of real actions, and rights of entry,” we find the solution. Section 1 limits the commencement of the action, or the right of entry, to a period not exceeding twenty years after seizing Section 2 provides that — "If such right or title first accrued to an ancestor, predecessor, or other person under whom the demandant claims, said twenty years shall be computed from the time when the right or’ title first accrued to such ancestor, predecessor, or other person.” So. that an adverse possession of twenty years may avail the tenant, so far as it regards the estimate.of the value of the land at the commencement of such possession, but not as to title. Exceptions overruled.
Appleton, C. J., Rioe, Davis, Kent and Walton, JJ., concurred.